```
                  UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF WEST VIRGINIA

                           AT CHARLESTON


AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

          Plaintiff,

v.                                      Civil Action No. 2:14-10340

PAUL MOORE and
BARBARA NICHOLS,

          Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion for an extension of time to file a responsive pleading, filed April 16, 2014, and the plaintiff's motion for default judgment or, in the alternative, for summary judgment, filed April 28, 2014.

I.

Plaintiff American National Property and Casualty Company ("ANPAC") instituted this declaratory action on February 14, 2014. It seeks a determination that ANPAC is entitled to void the homeowner's insurance policy, 47-H-981-13N-3, issued to defendants Paul Moore and Barbara Nichols. ANPAC asserts that defendants willfully and knowingly misrepresented a fact during

the application process, namely, that Mr. Moore had not previously been convicted of a felony when, in fact, he had.

It appears undisputed that the Ms. Nichols and Mr. Moore were obligated respectively to file their responsive pleadings in this matter on April 4 and 7, 2014. They failed to do so. Mr. Moore retained counsel on April 9, 2014. Ms. Nichols did likewise on April 10, 2014. On April 16, 2014, common counsel noted his appearance for both defendants.

On April 16, 2014, defendants' counsel moved for an extension of time to file a responsive pleading for defendants. On April 28, 2014, ANPAC moved for default judgment or, in the alternative, for summary judgment.

Inasmuch as the defendants did not answer within the time prescribed for doing so, it is appropriate to enter default pursuant to Federal Rule of Civil Procedure 55(b)(1). Fed. R. Civ. Proc. 55(b)(1) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The court, accordingly, enters default against Mr. Moore and Ms. Nichols. The court now addresses whether judgment should be entered thereon or, instead, whether the default should be set aside and defendants given leave to file a late answer. The court construes the motion for an

2

extension of time to file a responsive pleading as a motion to set aside the default.

II.

Rule 55(c) governs the setting aside of default.  It provides as follows: "The court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. Proc. 55(c).  In <u>Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413 (4th Cir. 2010), our court of appeals noted its "long-held view that Rule 55(c) . . . must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  <u>Id.</u> at 421 (internal quotation marks omitted).  Referring to its seminal decision in <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198 (4th Cir. 2006), the court of appeals noted the applicable factors for relieving a party of its dilatoriness:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

<u>Colleton</u>, 616 F.3d at 417 (quoting <u>Payne</u>, 439 F.3d at 204–05).

First, it appears that Mr. Moore and Ms. Nichols have a meritorious defense. In their proposed answer filed May 2, 2014, the defendants contend that they were not asked about Mr. Moore's felony status by ANPAC's agent, who filled out their application for them. Second, respecting reasonable promptness, the defendants retained counsel within a few days of their answer being due. The court cannot conclude they acted so unseasonably that relief ought to be denied. Third, it is the defendants who bear responsibility for the brief delay in seeking relief from the answer deadline. Finally, a far less drastic sanction is available. That sanction would require the defendants to reimburse ANPAC for the costs it incurred in preparing its motion for default judgment, as distinguished from the alternative motion for summary judgment, and in responding to the motion to set aside the default. It is ORDERED that the sanction be, and hereby is, imposed upon the defendants jointly and severally.

Based upon the foregoing considerations, the court finds good cause under Rule 55(c) to relieve the defendants of their default. It is, accordingly, ORDERED as follows:

1. That the motion to set aside the default earlier entered herein be, and hereby is, granted and the default is set aside;

2.  That the defendants be, and hereby are, given leave to file their proposed answer, which the Clerk is directed to treat as timely docketed this same date;

3.  That the motion for default judgment be, and hereby is, denied as moot; and

4.  That the alternative motion for summary judgment be, and hereby is, denied as premature pursuant to Local Rule of Civil Procedure 7.1(a)(1).

5.  That sanctions be, and hereby are, imposed upon the defendants jointly and severally to reimburse ANPAC for the costs it incurred in preparing its motion for default judgment, as distinguished from the alternative motion for summary judgment, and in responding to the motion to set aside the default.

Inasmuch as the defendants have now answered, the court, pursuant to Local Rule of Civil Procedure 16.1, additionally ORDERS that the following dates are hereby fixed as the time by or on which certain events must occur:

06-05-2014   Motions under F.R. Civ. P. 12(b), together with supporting briefs, memoranda, affidavits, or other such matter in support thereof. (All motions unsupported by memoranda will be denied without prejudice pursuant to L.R. Civ. P. 7.1 (a)).

06-16-2014   Last day for Rule 26(f) meeting.

06-23-2014     Last day to file Report of Parties' Planning Meeting.  See L.R. Civ. P. 16.1.

06-30-2014     Scheduling conference at 4:30 p.m. at the Robert C. Byrd United States Courthouse in Charleston, before the undersigned, unless canceled.  Lead counsel directed to appear.

07-07-2014     Entry of scheduling order.

07-15-2014     Last day to serve F.R. Civ. P 26(a)(1) disclosures.

       The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

       ENTER:  May 22, 2014

_____
John T. Copenhaver, Jr.
United States District Judge