```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON
```

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

      Plaintiff,

v.                                      Civil Action No. 2:14-10340

PAUL MOORE and
BARBARA NICHOLS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a motion for summary judgment filed January 7, 2015, by plaintiff American National Property and Casualty Company ("American National").

### I.

Defendants Paul Moore and Barbara Nichols own a home at 38 Church Street in Blackberry City, West Virginia. On May 30, 2013, Mr. Moore attempted to contact American National's local agent, Theresa Evans, by phone regarding a homeowner's policy. He reached Ms. Evans' assistant, Lesley Reeves. Ms. Reeves asked Mr. Moore certain pre-application questions during the telephone call. Mr. Moore has testified that he was not asked whether he had previously been convicted of a felony. Ms. Reeves contends

otherwise, noting that the form she was using at the time has the word "no" circled after the question "Been Convicted [sic] of any type of Felony[sic][?]" (Ex. C, Pl.'s Mot. Summ. J.).

After Ms. Reeves mailed Mr. Moore and Ms. Nichols certain policy proposals, Mr. Moore contacted her and advised they wished to take out a policy. Ms. Reeves prepared a formal American National application for coverage using the information she learned from Mr. Moore on May 30, 2013. She mailed the four-page, 22-question, pre-completed application to Mr. Moore and Ms. Nichols for their signatures, attaching "sticky notes" indicating where they were to sign, but not indicating they needed to read the document. Question number five on page two asked "Have you or any member of your household ever been convicted of a felony or drug possession." (Ex. D at 2, Pl.'s Mot. Summ. J.). Ms. Reeves checked the box next to the word "No." (Id.). Mr. Moore and Ms. Nichols signed the application and returned it.

On October 19, 2013, Mr. Moore learned of a fire at the insured premises after being contacted by a neighbor. The home was a total loss. Mr. Moore called American National's claims line the same day to report the fire. Mr. Moore believed the fire was the result of arson and noticed his fireproof safe was missing. On December 17, 2013, the insureds presented a Sworn Statement in Proof of Loss in the amount of $112,500, including

the policy limits of $75,000 for the dwelling and $37,500 for the personal property.

Four months after the fire, Mr. Moore and Ms. Nichols received a February 27, 2014, letter from American National voiding their policy.  American National had learned by investigation that Mr. Moore was a convicted felon, having two prior convictions for robbery.

On February 14, 2014, American National instituted this declaratory judgment action.  It seeks an order voiding the policy based upon what it contends was Mr. Moore's false response respecting his prior felony convictions.  Mr. Moore denies that he provided any false response.

During the discovery period, on July 23, 2014, American National asserts that it mailed its First Requests for Admission to each of the defendants.  Defendants were obliged to respond thereto on or before August 25, 2014.  Defendants assert they did not learn of the requests until September 2, 2014, when their counsel received American National's Motion to Deem Requests for Admission Admitted via the CM/ECF filing system.  At that time, there were over three months remaining in the discovery period.

Counsel for defendants immediately contacted counsel for American National.  He advised that he never received the First

Requests for Admission. Defendants sought informal relief from opposing counsel, which was apparently not forthcoming.

On September 9, 2014, defendants requested that the United States Magistrate Judge deny the Motion to Deem Requests for Admission Admitted. They additionally submitted affidavits from defendants' counsel and his legal assistant attesting that the First Requests for Admission were not received timely. They additionally moved for an extension of time to respond to the First Requests for Admissions.

On November 7, 2014, the magistrate judge granted the Motion to Deem Requests for Admissions Admitted. The defendants did not notice an appeal of that order. The material requests for admission, now deemed admitted, are as follows:

> 1. Please admit that you did not disclose to Lesley Reeves that you were a convicted felon.
>
> 2. Please admit that when you first contacted Lesley Reeves to obtain information regarding homeowners insurance for the property located at 38 Church Street, Blackberry City, West Virginia, you were still on parole for a felony conviction.
>
> 3. Please admit when you contacted Lesley Reeves to inquire about a homeowners insurance policy for the property located at 38 Church Street, Blackberry City, West Virginia she completed a "Homeowner's Quote Information Sheet" verbally over the phone by asking you a series of questions, one of which was whether you or any one in your household had ever been convicted of a felony or drug possession.
>
> 4. Please admit that in completing The Homeowners Quote Information sheet, Ms. Reeves asked you whether you had

4

ever been convicted of a felony, to which you responded, "No."

5. Please admit that "Homeowners Quote Information Sheet" contained false information concerning your prior felony convictions.

6. Please admit when you contacted Lesley Reeves to advise that you and Barbara Nichols wanted to proceed with the purchase of a homeowners insurance policy for the property located at 38 Church Street, Blackberry City, West Virginia, Ms. Reeves completed a "The West Virginia Homeowners Insurance Application" verbally over the phone by asking you a series of questions, one of which was whether you or any one in your household had ever been convicted of a felony or drug possession.

7. Please admit that while completing the "The West Virginia Homeowners Insurance Application" verbally over the phone with Lesley Reeves, you represented to Ms. Reeves that you had NOT been convicted of any felonies or drug possessions.

8. Please admit that the West Virginia Homeowners Insurance Application contains false information regarding the existence of your prior felony convictions.

9. Please admit that when you signed the West Virginia Homeowners Insurance Application, you knew that the answer "no" to the question, "Have you or any member of your household ever been convicted of a felony or drug possession?" was false.

10. Please admit that when you signed the West Virginia Homeowners Insurance Application, you knew that it falsely indicated that you had not been convicted of any felonies.

11. Please admit that The West Virginia Homeowners Insurance Application signed by you contained an "Application Binder Agreement" indicating that the statements contained in the Application were true, correct, and complete and that you, by signing the document, understood that any insurance policy issued as a result of that application would be based on the facts and answers stated in the application.

(Ex. A, First Set of Interrogatories, Request for Admissions and Request for Production of Documents).

In its instant summary judgment motion, American National contends that it is entitled to judgment as a matter of law based upon (1) the defendants' "material misrepresentations" in the application for insurance, namely, that Mr. Moore had not previously been convicted of a felony, (2) the requests for admissions deemed by the magistrate judge to have been answered in the affirmative, and (3) defendants' failure to adequately allege in their counterclaim that American National acted herein with such frequency as to indicate a general business practice in violation of the West Virginia Unfair Trade Practices Act ("WVUTPA"), West Virginia Code section 33-11-4(9).

II.

A. Governing Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary

to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.  The Requests for Admission

The court first addresses the impact of the magistrate judge's order deeming admitted by both defendants the central question in this action, namely, whether Mr. Moore and Ms. Nichols materially misrepresented whether Mr. Moore had previously been convicted of a felony.

There was at one time a split of authority respecting whether a request for admission under Federal Rule of Civil Procedure 36(a) could include admissions relating to factual matters central to the dispute. See 8B Charles A. Wright et al.,

8

Fed. Prac. & Proc. § 2256 (3d ed. elec. 2015) ("Before 1970, a majority of the cases in point held that requests about controversial or disputable facts were improper, although other cases were to the contrary, and it seems fair to say that the cases refusing to allow these requests relied in large measure on authorities that did not support that proposition.") (footnotes omitted); <u>Pickens v. Equitable Life Assur. Soc.</u>, 413 F.2d 1390, 1393–94 (5th Cir. 1969).

The law changed, however, with the 1970 amendment to Rule 36(a). The provision, and a companion proviso, now read as follows:

> (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>   (A) facts, the application of law to fact, or opinions about either; and
>
>   (B) the genuineness of any described documents.
>
>   . . . .
>
> (5) . . . . A party must not object solely on the ground that the request presents a genuine issue for trial.

Fed. R. Civ. P. 36(a); Advis. Comm. Notes ("The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give as his reason for inability to admit or deny the existence of a

genuine issue."); 8B Charles A. Wright et al., Fed. Prac. & Proc. § 2256 (3d ed. elec. 2015) ("One of the 1970 amendments of Rule 36(a) resolved this conflict in the cases. It provides that a party may not object to a request for an admission on the ground that it presents a genuine issue for trial. The party is required either to deny the matter or set forth reasons why it cannot admit or deny it. An answer, rather than an objection, is now the only proper response if a party considers that it has been asked to admit something that it disputes."). It is thus no longer a defense that a deemed admission cannot extend to central factual issues in a case.

One might imagine, however, that the effect of Rule 36(a)(1) and (5) could result in a situation manifestly in tension with the drafters' desire that disputes be resolved on their merits. It is for that reason that Rule 36(b) was inserted:

> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).

The September 9, 2014, request that the magistrate judge deny the Motion to Deem Requests for Admission Admitted was in substance a Rule 36(b) motion. Defendants submitted affidavits from defendants' counsel and his legal assistant attesting that the requests for admission were not received. They additionally sought to avoid the deemed admissions "'so as to do justice.'" (Resp. at 3). Indeed, the matters which were deemed admitted by the magistrate judge involved the central factual dispute in this litigation respecting the prior felony convictions.

Framed this way, a ruling on the matter was properly categorized as dispositive in nature. As such, the magistrate judge was required to proceed by way of proposed findings and recommendations contemplated by 28 U.S.C. § 636 and Rule 72(b). Inasmuch as those findings and recommendations were not entered, it is ORDERED that the November 7, 2014, order be, and hereby is, vacated to the extent it conclusively deemed the requests for admission to be admitted. The matter thus remains open for decision respecting application of Rule 36(b).[1]

As noted, Rule 36(b) permits withdrawal of an admission if it would promote the presentation of the merits and would not

---

[1] The court would, alternatively, treat the defendants' summary judgment response as the equivalent of a motion pursuant to Rule 36(b), without the necessity of disturbing the magistrate judge's order.

prejudice the requesting party in maintaining or defending the merits. Both qualifiers are established here. If the matters surrounding the felony conviction are deemed admitted adverse to defendants, they would practically have no defense to the entry of judgment pursuant to Rule 56. The merits would not be reached. Additionally, American National would not be prejudiced in any way on the merits if withdrawal is permitted. American National has known since the outset of this action that Mr. Moore maintains he was not asked the question respecting the felony conviction and simply signed the prepared application. American National has had the benefit of fully discovering the matter.

In sum, withdrawal of the deemed admissions is appropriate. The First Requests for Admission are deemed without force and effect and will not constitute evidence for any purpose in the case. They are thus not supportive of American National's motion for summary judgment.

C.  The Remaining Grounds for Summary Judgment

American National offers additional grounds for summary judgment. First, it asserts that defendants materially misrepresented the facts surrounding Mr. Moore's prior felony conviction. The issue, however, is fact-bound. Defendants deny that they were asked the question relating to the prior felony

conviction.  Inasmuch as a genuine issue of material fact remains on this central issue in the case, it is not a proper ground for disposition pursuant to Rule 56.

Second, American National notes that the application signed by defendants, which they did not read, contains the following certification clause: "I, the undersigned, agree that the statements herein are made for the express purpose of inducing the company to issue an insurance policy and these statement are true, correct, and complete.  I understand that any insurance policy issued as a result of this application will be based on the facts and answers stated herein."  (Ex. D at 2, Pl.'s Mot. Summ. J.).  In response, the defendants contend that they had no reason to re-read the application inasmuch as it was pre-completed based upon the answers they had already provided to Ms. Reeves, who indicated simply where they should sign, without requesting they read the questions asked anew.

There is a distinguishing factor between this action and those authorities involving enforcement of the certification clause.  In this case, assuming the truth of the defendants' evidentiary position, they were read an incomplete version of the application by American National's agent Ms. Reeves.  When later presented with the pre-completed application by mail, unaccompanied by any instructions to verify their prior responses,

but with markers indicating where to sign, they were effectively certifying they understood the questions they were orally asked by the agent and answered those oral questions accurately. The affixation of their signatures below the certification is thus not of sufficient force to warrant judgment as a matter of law.

Finally, American National asserts that defendants have attempted to allege a WVUTPA cause of action in their counterclaim but without the necessary allegations to state a plausible claim. The counterclaim rests upon the following material allegations found in paragraphs 11 through 14 of the defendants' counterclaim:

> The . . . [insurance company's] actions in failing to pay the . . . [Moore/Nichols] claim is a breach of the . . . insurance contract . . . .
>
> That the . . . [insurance company] has a duty to negotiate and attempt to settle the . . . [Moore/Nichols] claim in Good Faith, as a first party insured, under both the West Virginia Code, the Code of State Regulations and the common law . . . .
>
> That the . . . [insurance company] has not attempted to effectuate a prompt, fair and equitable settlement of the . . . [Moore/Nichols] claim when . . . [Moore/Nichols] did not complete the application of insurance that the . . . [insurance company] is complaining about; rather, the . . . [insurance company's] agent completed the form and merely instructed [Moore/Nichols] to "sign here."
>
> Therefore, . . . [Moore/Nichols] believe that the . . . [insurance company] has breached its contract . . . and has not acted in Good Faith in its handling of the . . . claim and the . . . actions are oppressive, vexatious and wanton.

(Defs.' Counterclm. at 10-11).

In light of these allegations, the defendants' counterclaim might as easily be understood as one brought pursuant to the common law of West Virginia as opposed to the WVUTPA. See <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, syl. pt. 1, 177 W.Va. 323, 352 S.E.2d 73 (1986) ("Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience."); <u>Noland v. Virginia Ins. Reciprocal</u>, 224 W. Va. 372, 386, 686 S.E.2d 23, 37 (2009) ("'The duty at issue in a bad faith breach of insurance contract claim is the insurance company's duty to act in good faith and deal fairly with its insured.'") (quoting <u>Daugherty v. Allstate Ins. Co.</u>, 55 P.3d 224, 228 (Colo. App. 2002)). The claim is not susceptible to summary disposition.

III.

Based upon the foregoing discussion, it is ORDERED that the motion for summary judgment be, and hereby is, denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: April 8, 2015

John T. Copenhaver, Jr.
United States District Judge